UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| VERONIQUE ELIASON,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR SPENCER J. COX; and THE STATE OF UTAH,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION FOR LACK OF STANDING**<br><br>Case No. 1:24-cv-00148<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Plaintiff Veronique Eliason filed this action against Utah governor Spencer J. Cox and the State of Utah on September 16, 2024, bringing claims of civil conspiracy, theft, breach of fiduciary duty, intentional and/or negligent infliction of emotional distress, and vicarious liability.[1]  As explained below, because Veronique[2] has failed to establish standing, the undersigned[3] recommends the district judge dismiss this action without prejudice.

---

[1] (*See* Compl. ¶¶ 68–91, Doc. No. 1.)

[2] Because this order refers to several members of the Eliason family, first names are used, for clarity.

[3] This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 23.)

1

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction that are "under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."[4] For federal courts to have jurisdiction over an action, "the party bringing the suit must establish standing."[5] Broadly speaking, standing limits "the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."[6] To establish standing, a plaintiff must show both "Article III standing, which enforces the Constitution's case-or-controversy requirement, . . . and prudential standing[,] which embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'"[7] Under the prudential standing doctrine, a plaintiff "must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties."[8] In other words, prudential standing prevents a

---

[4] *United States v. Hays*, 515 U.S. 737, 742 (1995) (alternation in original) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[5] *Wilderness Soc'y v. Kane County*, 632 F.3d 1162, 1168 (10th Cir. 2011) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).

[6] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

[7] *Wilderness Soc'y*, 632 F.3d at 1168 (quoting *Elk Grove Unified Sch. Dist.*, 542 U.S. at 11).

[8] *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

plaintiff from "raising another person's legal rights."[9] If a plaintiff fails to establish standing, a court must dismiss the case.[10]

Because Veronique proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

---

[9] *Wilderness Soc'y*, 632 F.3d at 1168 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

[10] *See Hays*, 515 U.S. at 742; *see also Jones v. Garland*, No. 20-6189, 2021 U.S. App. LEXIS 29767, at *3 (10th Cir. Oct. 4, 2021) (unpublished) (affirming *sua sponte* dismissal of case without prejudice on prudential standing grounds).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

ANALYSIS

The rights Veronique seeks to vindicate are not hers.  She therefore fails to establish prudential standing, and this case should be dismissed without prejudice.[16] Veronique's claims relate to the estate of Max and Joyce Eliason, who are the parents of Veronique's husband, Brett Eliason.[17]  Veronique's complaint alleges Governor Cox and the State of Utah conspired with "dozens of judges" to permit Kirton McConkie and other individuals to "wrongfully gain control of the assets of Joyce Eliason and Max Eliason."[18]

Veronique purports to bring this action as the "Agent and Trustee" on behalf of "The Estate of Max and Joyce Eliason and Max D. Eliason as a Protected Person."[19] While a duly appointed personal representative may sue on behalf of a decedent's estate, a "personal representative's authority commences with his or her

---

[16] Where Veronique has not established prudential standing, it is unnecessary to evaluate whether she has Article III standing.  See *Wilderness Soc'y*, 632 F.3d at 1168 ("Because [the plaintiff] lacks prudential standing, we proceed directly to that issue without deciding whether [the plaintiff] has constitutional standing . . . ." (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999))).

[17] (*See* Ex. A to Compl., "The Mormon Mafia and ME" 1, Doc. No. 1-2 ("Brett L Eliason, . . . proud son of Max and Joyce Eliason").)

[18] (Compl. ¶¶ 69–70, Doc. No. 1.)

[19] (*Id.* at 1; *see also id.* at 4 ("Veronique Eliason, Plaintiff, is the acting Agent and Trustee who is representing Max D Eliason since Kirton McConkie deceived him into believing McCullough represented him and Joyce Eliason as the Settlers, but instead is unlawfully representing Lisa Stephens and her husband as the greedy beneficiary who betrayed her entire family.").)

appointment."[20]  Veronique does not allege she has been appointed to represent Joyce, Max, or their estates, or provide any evidence to that effect.  But even if Veronique showed she was an appointed representative, she is not an attorney; therefore, she cannot appear as a representative (for an individual or an estate) except through legal counsel.[21]  In sum, Veronique does not bring any claims on her own behalf, and she has shown no authority to represent the interests of Joyce, Max, or their estates.  Accordingly, Veronique lacks standing.

On October 1, 2024, Veronique was ordered to show cause why this case should not be dismissed for lack of standing.[22]  Veronique was also warned that failure to show cause "may result in a recommendation or order to dismiss this action."[23]  Although Veronique has filed several documents since the order to show cause was issued, none of these filings substantively address Veronique's lack of standing.[24]  Instead,

---

[20] *Pierucci v. Pierucci*, 2014 UT App. 163, 331 P.3d 7, 17 (citing Utah Code §§ 75-3-103, 75-3-701).

[21] *See, e.g.*, *Shattuck v. Bondurant*, 411 B.R. 378, 384 (B.A.P. 10th Cir. 2009) ("[A] trustee that is not a licensed attorney likewise lacks the legal capacity to appear and represent an estate (an artificial entity) in federal court."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); DUCivR 83-1.3(c) (providing "[i]ndividuals may represent themselves," but an "artificial entity must be represented by an attorney").

[22] (*See* Order to Show Cause Why This Action Should Not Be Dismissed For Lack of Standing, Doc. No. 12.)

[23] (*Id.* at 5.)

[24] (*See, e.g.*, "Response to Suggested Lack of Standing, and Motion to Acknowledge Governor Cox and the State of Utah are Aiding and Abetting and Obstructing Justice in Order to Protect the LDS Church From its Obvious Demise," Doc. No. 16.)  While this

Veronique's new filings reaffirm she is attempting to bring this case on behalf of Max.[25] The deadline to show cause (October 15, 2024) has now passed, and Veronique has failed to establish standing. Accordingly, this action should be dismissed without prejudice.[26]

## RECOMMENDATION

Because Veronique has failed to establish standing, the undersigned recommends the district judge dismiss this action without prejudice. The court will send this Report and Recommendation to Veronique, who is notified of her right to object to

---

document acknowledges the order to show cause, it lacks substantive argument regarding Veronique's standing or authority to bring this case on behalf of Max.

[25] (*See, e,g.*, *id.* at 1 ("Plaintiff Veronique Eliason acting only as the Agent and Trustee on behalf of Max D Eliason as a protected person under the laws of the State of Utah, hereby files this motion as part of this ongoing mockery of justice wherein felons are remaining free to victimize innocent citizens of both the State, and as members of the LDS faith.").) The documents consist primarily of argument relating to the allegations raised in Veronique's complaint. (*See, e.g.*, *id.* at 3 ("This all began with fraudulent misrepresentation in May of 2013 wherein Kirton McConkie lied to an 84-year-old couple, and made them believe they represented them while secretly representing the interests of my sister.").)

[26] *See Hays*, 515 U.S. at 742; *see also Jones*, 2021 U.S. App. LEXIS 29767, at *3 (affirming *sua sponte* dismissal of case without prejudice on prudential standing grounds where mother sought to bring claims on behalf of her son).

6

it. Any objection must be filed within fourteen days of service, and failure to object may be considered a waiver of objections.[27]

DATED this 16th day of October, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[27] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).