UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| VERONIQUE ELIASON,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR SPENCER J. COX; and THE STATE OF UTAH,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DESIGNATE VERONIQUE ELIASON A RESTRICTED FILER**<br><br>Case No. 1:24-cv-00148<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

On October 1, 2024, the court ordered pro se plaintiff Veronique Eliason to show cause why the United States District Court for the District of Utah should not restrict her filings.[1] Veronique's[2] written response was due October 15, 2024.[3] While Veronique filed several documents after the order to show cause was issued (some of which appear to acknowledge the order to show cause),[4] none of these filings contain any

---

[1] (Order to Show Cause, Doc. No. 13.)

[2] Because this order refers to several members of the Eliason family, first names are used, for clarity.

[3] (*See* Order to Show Cause 7, Doc. No. 13.)

[4] (*See, e.g.*, "Motion to Include the Rockefellars [sic] and the Rothschilds Family Lines as Defendants Due to Their Undeniable Association with Defendant Dallin H Oaks as Part of the New World Order" 8, Doc. No. 25 ("The clock is ticking in this battle whose end has already been foretold before the beginning of mankind, and anyone who believes in the scriptures should be watching them unfold as if it were a 3-D movie. This should not be a game of whose turn is it to call me vexatious, or deny my request to see my own father, this should be the members of the LDS Church realizing the truth, and 'Choose you this day, whether you serve God or Mammon.'").)

1

substantive argument regarding whether the court should impose filing restrictions. For the reasons explained in the order to show cause and below, the undersigned recommends the district judge restrict Veronique's filing of future actions in the District of Utah, as set forth below.

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[5] "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."[6] In determining whether filing restrictions should be imposed, courts may consider whether the litigant has a history of filing duplicative lawsuits.[7] As explained below, Veronique's abusive and duplicative litigation warrants the imposition of filing restrictions.

Proceeding without an attorney, Veronique filed this action against Utah governor Spencer J. Cox and the State of Utah on September 16, 2024, bringing claims of civil conspiracy, theft, breach of fiduciary duty, intentional and/or negligent infliction of emotional distress, and vicarious liability.[8] These claims relate to the estate of Max and

---

[5] *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (alteration in original) (citation omitted).

[6] *Id.* (internal quotation marks omitted).

[7] *See United States v. Kettler*, No. 91-3011, 1991 U.S. App. LEXIS 12001, at *16 (10th Cir. June 3, 1991) (unpublished) (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)).

[8] (*See* Compl. ¶¶ 68–91, Doc. No. 1.)

Joyce Eliason, who are the parents of Veronique's husband, Brett Eliason.[9] Veronique's complaint alleges Governor Cox and the State of Utah conspired with "dozens of judges" to permit Kirton McConkie and other individuals to "wrongfully gain control of the assets of Joyce Eliason and Max Eliason."[10]

Since 2020, Veronique has filed three other cases in this district (which have all been dismissed), each bringing similar claims based on the same allegations:

- *Eliason et al. v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints et al.*, No. 1:20-cv-00024 (filed Feb. 25, 2020) (alleging the "Lawyers of The LDS Church" used "Kirton and McConkie [to] embezzle the estates of Max and Joyce Eliason");[11]

- *Eliason et al. v. Kirton McConkie PC et al.*, No. 2:24-cv-00115 (filed Feb. 12, 2024) (alleging Kirton McConkie conspired with other defendants "to wrongfully gain control of the assets of Joyce Eliason and Max Eliason");[12] and

---

[9] (See Ex. A to Compl. 1, Doc. No. 1-2 ("Brett L Eliason, . . . proud son of Max and Joyce Eliason").)

[10] (Compl. ¶¶ 69–70, Doc. No. 1.)

[11] Am. Compl. 3–4, Doc. No. 2, *Eliason et al. v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints et al.*, No. 1:20-cv-00024 (D. Utah. Feb. 28, 2020). This case was dismissed for lack of subject matter jurisdiction on September 4, 2020. *See* Order Dismissing Am. Compl. With Prejudice and Closing Case, Doc. No. 71, *Eliason et al. v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints et al.*, No. 1:20-cv-00024 (D. Utah. Sept. 4, 2020).

[12] Compl. ¶ 69, Doc. No. 1, *Eliason et al. v. Kirton McConkie PC et al.*, No. 2:24-cv-00115 (D. Utah Feb. 12, 2024). This case was dismissed for failure to prosecute on August 27, 2024. *See* Order Adopting R. & R., Doc. No. 42, *Eliason et al. v. Kirton*

3

- *Eliason v. United States of America et al.*, No. 1:24-cv-00095 (filed June 3, 2024) (alleging "Kirton McConkie as an agent for the Corporation of the President of the Church of Jesus Christ of Latter-[d]ay Saints" is "concealing multiple crimes including Bribery, Wire Fraud, Aiding and Abetting, Insurance Fraud, etc." in relation to the "$250 million which they have embezzled" from the estate of Max and Joyce Eliason).[13]

Veronique's cases bear striking resemblance to numerous cases filed by Veronique's husband, Brett Eliason.[14] Brett has been designated a vexatious litigant in this district, based on his "lengthy history" of filing abusive and duplicative lawsuits "related to the handling of Mr. [Brett] Eliason's parents' estate and subsequent litigation."[15] In the first two cases listed above, which were filed before Brett was designated as a restricted filer, Brett and Veronique were joint plaintiffs. Immediately

---

*McConkie PC et al.*, 2024 U.S. Dist. LEXIS 154073 (D. Utah Aug. 27, 2024) (unpublished).

[13] Compl. ¶¶ 18–22, Doc. No. 1, *Eliason v. United States of America et al.*, No. 1:24-cv-00095 (D. Utah June 3, 2024). This case was dismissed for lack of standing on October 1, 2024. *See* Order Adopting R. & R., Doc. No. 51, *Eliason v. United States of America et al.*, No. 1:24-cv-00095, 2024 U.S. Dist. LEXIS 179814 (D. Utah Oct. 1, 2024) (unpublished).

[14] *See* Am. Compl. 9, Doc. No. 2, *Eliason et al. v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints et al.*, No. 1:20-cv-00024 (D. Utah. Feb. 28, 2020) (explaining "Plaintiff Veronique Eliason is the spouse of Plaintiff Brett L Eliason"); (*see also* Ex. A to Compl. 150, Doc. No. 1-4 (referring to "my wife Veronique" while writing from Brett's perspective).)

[15] Mem. Decision and Order Granting Mots. to Dismiss and Entering Vexatious Litigant Order 10–11, Doc. No. 109, *Eliason v. The Corp. of the President of the Church of Jesus Christ of Latter-day Saints et al.*, No. 2:23-cv-00785 (D. Utah May 29, 2024).

4

after the court warned Brett it would restrict his filings, Veronique filed the third case listed above as a sole plaintiff, raising the same allegations Brett's cases raised—arguing Kirton McConkie and various other parties enabled the embezzlement of Brett's parents' estate.[16] She later filed this case, again as a sole plaintiff, raising similar claims and allegations.

Despite listing Veronique as the plaintiff, Veronique's filings are consistently written from Brett's perspective—repeatedly referring to "my wife, Veronique" and "my parents' estate."[17] Given the duplicative allegations about Brett's parents' estate (which caused the court to restrict Brett's filing privileges), the timing of Veronique's cases in which she is the sole plaintiff (filed shortly after the court announced Brett's filing

---

[16] *See id.* (issued May 29, 2024); *Eliason v. United States of America et al.*, No. 1:24-cv-00095 (filed June 3, 2024); *Eliason v. Cox et al.*, No. 1:24-cv-00148 (the instant case, filed September 16, 2024). Veronique's filings often incorporate Brett's cases by reference. *See, e.g.*, Compl. ¶ 9, Doc. No. 1, *Eliason v. United States of America et al.*, No. 1:24-cv-00095 (D. Utah June 3, 2024) ("Plaintiff [Veronique] restates and incorporates by this reference all evidence and allegations contained in federal case no. 2:23-cv-00785 (Eliason vs The Corporation of the President of the Church of Jesus Christ of Latter-[d]ay Saints) [filed by Brett].").

[17] (*See, e.g.*, Compl. 2–3, Doc. No. 1 (alleging Defendants "embezzled my parents' estate," discussing "my wife," and requesting an order granting "Brett L Eliason" relief); Ex. A to Compl. 145, 150, Doc. No. 1-4 (referring to "my wife Veronique" and alleging Kirton McConkie "stole[] my parents' entire estate")); Am. Compl. 23, 247, Doc. No. 2, *Eliason et al. v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints et al.*, No. 1:20-cv-00024 (D. Utah. Feb. 28, 2024) (referring to "Plaintiff's spouse Veronique Eliason" and alleging Kirton McConkie embezzled "my Mother and Father's Estates"); Ex. A to Compl. 233, Doc. No. 1-3, *Eliason v. United States of America et al.*, No. 1:24-cv-00095 (D. Utah June 3, 2024) (referring to "my wife Veronique" and alleging Kirton McConkie misappropriated assets of "my mother and father"); Compl. ¶ 62, Doc. No. 1, *Eliason et al. v. Kirton McConkie PC et al.*, No. 2:24-cv-00115 (D. Utah Feb. 12, 2024) (alleging Kirton McConkie conspired "to deprive Plaintiff of income to which he was entitled" from Max and Joyce Eliason's estate).

restrictions), and the fact that Veronique's filings appear to be written by Brett (or at least written on his behalf), Veronique's cases seem to reflect an attempt to circumvent Brett's filing restrictions.

## RECOMMENDATION

Based on Veronique's history of abusive and duplicative litigation, the undersigned recommends the district judge enter an order imposing the following filing restrictions for any new action Veronique seeks to file pro se (without an attorney):

(1) requiring Veronique to file a motion with the Clerk of Court requesting leave to file a pro se action, with the proposed complaint attached;

(2) requiring the motion to include a list of all of Veronique's current and previously filed lawsuits;

(3) requiring the motion to include a notarized affidavit from Veronique reciting the issues she seeks to present and including a short discussion of the legal basis asserted for the claims;

(4) requiring the affidavit include an assertion that, to the best of Veronique's knowledge, the claims do not relate in any way to the estate of Max and Joyce Eliason, and are not otherwise duplicative of her or Brett Eliason's prior cases in this district;

(5) requiring the Clerk of Court to send the referenced materials to a magistrate judge for review to determine whether the complaint relates in any way to the estate of Max and Joyce Eliason, is duplicative of her or Brett Eliason's prior cases in this district, or is otherwise without merit;

(6) requiring the magistrate judge to forward the proposed complaint to the Chief District Judge for further review; and

(7) concluding that only with the review and consent of the Chief District Judge the proposed complaint may be filed.

The court will send this Report and Recommendation to Veronique, who is notified of her right to object to it. Any objection must be filed within fourteen days of service, and failure to object may be considered a waiver of objections.[18]

DATED this 16th day of October, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[18] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).